```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
RALPH HERRERA,                          :
                                        :
             Plaintiff,                 :    07 Civ. 8426 (JSR)
                                        :
        -v-                             :    MEMORANDUM ORDER
                                        :
KATZ COMMUNICATIONS, INC.,              :
                                        :
             Defendant.                 :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendant Katz Communications, Inc. ("Katz") moves to dismiss the complaint and compel arbitration. For the reasons set forth below, the Court grants the motion to compel arbitration. The motion to dismiss is denied; instead, the Court stays the case pending completion of the arbitration.

In March 2005, plaintiff Ralph Herrera and defendant Katz entered into an employment agreement. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration, Exhibit A ("Employment Agreement"). Paragraph 14 of the contract concerns arbitration. It provides in relevant part that:

> The parties agree that any dispute, controversy or claim ... relating to, arising from or connected in any manner to this Agreement, or to the alleged breach of this Agreement, or arising out of or relating to Employee's employment or termination of employment, shall ... be submitted to and resolved by binding arbitration.... The Company will pay the actual costs of arbitration excluding attorney's fees. Each party will pay its own attorney's fees and other costs incurred by their respective attorneys.

Plaintiff filed this action in September 2007, alleging both violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §

2601 et seq., and breach of contract.  See Complaint.  Katz filed the instant motion to compel arbitration on November 19, 2007.

In deciding whether to compel arbitration, courts must consider "first, ... whether the parties agreed to arbitrate; second, ... the scope of that agreement; [and] third, if federal statutory claims are asserted, ... whether Congress intended those claims to be nonarbitrable." Genesco Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987) (citation omitted).[1]  The parties do not dispute that the first two Genesco factors are met (i.e., that there is an agreement to arbitrate and that the subject matter of this lawsuit falls within the scope of that agreement).

As to the third factor, it is clear that "civil rights claims such as [those at issue here] are not subject to a legislative exception." Beletsis v. Credit Suisse First Boston Corp., No. 01 Civ. 6266, 2002 WL 2031610, at *4 (S.D.N.Y. Sept. 4, 2002) (collecting cases).  However, this does not end the enquiry, because a statutory cause of action will not be appropriate for arbitration if "the prospective litigant [cannot] effectively ... vindicate [his or her] statutory cause of action in the arbitral forum." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) (second alteration in original) (internal quotation marks omitted).  At least one court in this District has held that, since "attorney's fees are remedies central to civil rights claims," an arbitration clause that

---

[1] The Genesco Court also discussed a fourth factor not relevant here.  Genesco, 815 F.2d at 844.

2

limits the attorney's fee remedy fails the third prong of the Genesco test because they do not allow litigants to effectively vindicate their statutory rights. Beletsis, 2002 WL 2031610 at *4. Like other civil rights laws, the Family and Medical Leave Act provides that attorney's fees and other reasonable costs shall be paid to a prevailing plaintiff. See 29 U.S.C. § 2617(a)(3). Hence, plaintiff argues that the arbitration clause at issue precludes him from recovering attorney's fees, and that, on the reasoning of Beletsis, the entire clause must be invalidated. The argument is wrong, however, both in its premise and in its conclusion.

As to the premise, the Court does not agree that the arbitration clause precludes the arbitrator, if he finds that plaintiff has proved the FMLA claim, from including attorney's fees in the final award. The relevant sentences of the clause read as follows: "The Company will pay the actual costs of arbitration excluding attorney's fees. Each party will pay its own attorney's fees and other costs incurred by their respective attorneys." Employment Agreement ¶ 14. The obvious purpose of the second sentence is to make clear that the company's agreement to pay for the arbitration does not automatically extend to attorney's fees, which will initially be borne by the respective parties in accordance with the so-called "American Rule." See Beletsis, 2002 WL 2031610 at *5; see also Gambardella v. Pentec, Inc., No. 01 Civ. 1827, 2003 WL 22119182, at *1-*4 (D. Conn. Aug. 25, 2003). It cannot fairly be read to be intended to waive or overrule the statutory provision permitting the award of attorney's fees as part of a final award.

3

Instead, the Employment Agreement expressly provides that "[t]his Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules and regulations."  Employment Agreement ¶ 16.

Such an interpretation is also consistent with the principle of contract construction that agreements should be construed, if possible, to render them lawful rather then unlawful.  See NLRB v. Local 32B-32J Serv. Employees Int'l Union, 353 F.3d 197, 202 (2d Cir. 2003); see also Restatement (Second) of Contracts § 203(a) (1981) ("[A]n interpretation which gives a ... lawful ... meaning to all the terms is preferred to an interpretation which leaves a part ... unlawful ....").  Further reinforcing this interpretation are the principles of contract interpretation that provide that an ambiguity in a contract should be construed against its drafter, in this case Katz, see Andy Warhol Found. for Visual Arts, Inc. v. Fed. Ins. Co., 189 F.3d 208, 215 (2d Cir. 1999), and that a meaning which serves the public interest -- in this case the policy of awarding attorney's fees in civil rights cases -- is preferred over a meaning which does not.  See Time Warner Entm't Co. v. Everest Midwest Licensee, L.L.C., 381 F.3d 1039, 1045 (10th Cir. 2004); see also  Restatement (Second) of Contracts § 207 ("In choosing among the reasonable meanings of a promise or agreement or a term thereof, a meaning that serves the public interest is generally preferred.").

In short, on any fair reading, the above-quoted sentences cannot be read to preclude an arbitrator, as part of a final award, from awarding attorney's fees to a prevailing plaintiff.

Alternatively, even if one were to assume, contrary to fact, that the clause did preclude Herrera from recovering attorney's fees, the proper remedy would be to sever the invalid provision of the arbitration clause and compel arbitration of the underlying dispute, rather than to invalidate the entire arbitration clause as plaintiff urges. See DeGaetano v. Smith Barney Inc., 983 F. Supp. 459, 470 (S.D.N.Y. 1997) (holding that, where agreement prohibits recovery of attorney's fees in civil rights case, "[t]he relevant portions of the Arbitration Policy are therefore void as against public policy"); Beletsis, 2002 WL 2031610 at *5 (noting that "a majority of courts in this district do not invalidate the entire arbitration agreement for restricting a plaintiff's right to attorney's fees"). Any other approach would serve to thwart the very essence of the arbitral agreement the parties have reached.

For the foregoing reasons, the motion to compel arbitration is granted. However, because of the possibility that the matter may return to this Court post-arbitration, the case should not be dismissed but, rather, stayed pending completion of the arbitration. See 9 U.S.C. § 3; see also Rubin v. Sona Int'l Corp., 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006). Accordingly, the Clerk of the Court is hereby directed to remove this case from the Active Calendar and add it to the Suspense Calendar and to close document number 3 in the Court's docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       January 31, 2008

5